619 So.2d 425 (1993)
T.J., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 93-262.
District Court of Appeal of Florida, First District.
June 4, 1993.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Michelle A. Konig, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
T.J. pleaded nolo contendere to a charge of delinquency for committing petty theft, a misdemeanor defined in section 812.014(2)(d), Florida Statutes (1991). The amended Juvenile Alternative Service Program (JASP) disposition order accepted the plea, withheld adjudication of delinquency, and imposed sanctions requiring Appellant to perform 30 hours of community service and to write both a letter of apology and an essay. The court then entered an order assessing $50 for costs pursuant to section 960.20, Florida Statutes (Supp. 1992). Appealing from the order on costs, T.J. asserts that the plain language of this statute authorizes the assessment of costs against a juvenile only when the child is adjudicated delinquent. Therefore, because the court withheld adjudication of delinquency, the assessment was not authorized by section 960.20. We agree.
Section 960.20, Florida Statutes (Supp. 1992), provides in pertinent part:
When any person pleads guilty or nolo contendere to, or is convicted of or adjudicated delinquent for, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an additional cost in the case, in addition and prior to any cost required to be imposed by law, the sum of $50. Any person whose adjudication is withheld pursuant to the provisions of s. 318.14(10) shall also be assessed such cost.
(Emphasis added.) Section 318.14(10) relates to withholding adjudication in noncriminal traffic infraction cases and is not pertinent to the resolution of this appeal.
The state argues that costs were properly imposed under this statute because *426 T.J. pleaded nolo contendere to a misdemeanor, and the statutory references to conviction and adjudication become relevant only when the defendant does not enter a plea of guilty or nolo contendere to the charge. We agree that a conviction is not necessary when a defendant pleads guilty or nolo contendere to one of the criminal offenses described, whether or not there is an adjudication of guilt. We also agree with the state's argument that the 1992 amendment to this statute was intended to broaden its scope and application from that provided in the 1991 statute.[1] However, we do not agree with the state that the addition of the words adjudicated delinquent for was sufficient to authorize the imposition of costs in a juvenile delinquency proceeding when the child pleaded nolo contendere but adjudication was withheld. The state's construction of the statutory language is overbroad and inconsistent with the unambiguous meaning of the words used in amending the statute. This is so because a plea of guilty or nolo contendere to a delinquency charge in a juvenile delinquency proceeding is not a plea to a felony, misdemeanor, or criminal traffic offense.
Other than when prosecuted as an adult, a juvenile cannot be charged with, adjudicated guilty of, or enter a plea to a misdemeanor, a felony, or a criminal traffic offense. Instead, a juvenile is required to be charged in a petition for delinquency with committing one or more delinquent acts based on violations of law specified in the charge. The violations of law so specified may be based on a statute defining a felony or misdemeanor. If found to have committed a specified violation of law, the juvenile can only be adjudged guilty of an act of delinquency, however. This is made abundantly clear in the following statutory provisions.
Subsection 39.048(1), Florida Statutes (1991), provides that, "All proceedings seeking a finding that a child has committed a delinquent act or violation of law shall be initiated by the state by the filing of a petition for delinquency by the state attorney" (emphasis added). Section 39.01(9) states: "`Child who has been found to have committed a delinquent act' means a child who, pursuant to the provisions of this chapter, is found by a court to have committed a violation of law or to be in direct or indirect contempt of court... ." Section 39.053 states in pertinent part:
(2) If the court finds that the child named in the petition has committed a delinquent act or violation of the law, it may, in its discretion, enter an order stating the facts upon which its finding is based but withholding adjudication of delinquency and placing the child in a community control program under the supervision of the department or under the supervision of any other person or agency specifically authorized and appointed by the court. .. .
(3) If the court finds that the child named in a petition has committed a delinquent act or violation of law, but elects not to proceed under subsection (2), it shall incorporate that finding in an order of adjudication of delinquency entered in the case, briefly stating the facts upon which the finding is made, and the court shall thereafter have full authority under this chapter to deal with the child as adjudicated.
(4) Except as the term "conviction" is used in chapter 322, and except for use in a subsequent proceeding under this chapter, an adjudication of delinquency by a court with respect to any child who has committed a delinquent act or violation of law shall not be deemed a conviction; nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication; nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction or to disqualify *427 or prejudice the child in any civil service application or appointment, with the exception of the use of records of proceedings under this part as provided in s. 39.045(7)(e).
(Emphasis added.)
Attributing their ordinary meaning to the words used in section 960.20, we find no ambiguity inherent in the statutory language, for it clearly means that the court is authorized to assess $50 costs against a juvenile charged by petition for delinquency only (1) where the juvenile is adjudicated delinquent for violating a criminal law defining a felony, misdemeanor, or criminal traffic offense, or any municipal or county ordinance that adopts by reference any misdemeanor under state law, or (2) where adjudication of delinquency is withheld pursuant to section 318.14(10) (which is not relevant to this appeal).
T.J. pleaded nolo contendere to the charge that she committed the delinquent act of petit theft, and the trial court accepted the plea but withheld adjudication of delinquency. Lacking the required adjudication of delinquency, the assessment of $50 costs against T.J. was beyond the court's authority specified in section 960.20. Accordingly, the order on costs is
REVERSED.
BARFIELD and MICKLE, JJ., concur.
NOTES
[1] The relevant provisions in section 960.20, Florida Statutes (1991), read as follows:

When any person pleads guilty or nolo contendere to, or is convicted of, any felony, misdemeanor, or criminal traffic offense under the laws of this state or the violation of any municipal or county ordinance which adopts by reference any misdemeanor under state law, there shall be imposed as an additional cost in the case, in addition and prior to any other cost required to be imposed by law, the sum of $20.